UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERIANA OBEGINSKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-CV-3215 |
| | § | |
| UNITED AIRLINES, INC., *et. al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Second Motion to Remand.[2] The Court has considered the motion, the response, the reply, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.

### I.  BACKGROUND

This case arises out of Plaintiff Heriana Obeginski's employment with Defendant United Airlines ("United") and related union membership with Defendant Association of Flight Attendants-CWA ("AFA"), the labor organization that represents United Airlines flight attendants.[3] The case also involves Defendant Janine Irving, another flight attendant, who allegedly assaulted Plaintiff with a beverage cart during a flight.[4]

Plaintiff reported the alleged assault and her resulting injuries to United and AFA.[5] In

---

[1] This motion was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. (*See* Dkt. Entry Dated Nov. 30, 2021.)
[2] Dkt. No. 8.
[3] Dkt. No. 1 at 2.
[4] Dkt. No. 1-1 at 41.
[5] *Id.*

response, Plaintiff alleges that United and AFA "subjected Plaintiff to a hostile work environment and [United] ultimately terminated Plaintiff's employment."[6] United provided Plaintiff with a letter that explained the reasons for her termination and advised Plaintiff of her right to appeal its decision under the AFA-United collective bargaining agreement.[7] Pursuant to that agreement, AFA represented Plaintiff in her appeal.[8] AFA requested medical documents from Plaintiff to prepare for the appeal, but Plaintiff did not cooperate.[9] In declining to provide the requested information, Plaintiff complained that "AFA, the union that is supposed to protect and defend its membership, failed to comply with its duty of fair representation."[10] AFA ultimately withdrew Plaintiff's appeal on June 18, 2021.[11]

On July 7, 2021, Plaintiff filed an action in the 133rd District Court of Harris County, Texas, styled *Obeginski v. United Airlines, Inc. and Association of United Flight Attendants*, Cause No. 2021-40670.[12] Plaintiff named United, AFA, and Irving as defendants in the case.[13] Prior to service on AFA, United removed the action to this Court based on diversity jurisdiction, where it was docketed as Case No. 4:21-CV-02468 and assigned to U.S. District Court Judge Alfred Bennett.[14] Plaintiff moved to remand based on the presence of a workers' compensation claim against United.[15] United subsequently stipulated to remand on that basis because a state law case

---

[6] *Id.*
[7] Dkt. No. 13-1 at 25–28; *see also* Dkt. No. 1-1 at 43.
[8] Dkt. No. 13 at 8.
[9] *Id.*; Dkt. No. 13-1 at 30–31.
[10] Dkt. No. 13-1 at 34.
[11] *Id.* at 39.
[12] *See* Dkt. No. 1-1 at 15.
[13] *Id.*
[14] *See* Dkt. No. 13-1 at 3.
[15] *See id.*

involving a worker's compensation claim cannot be removed on diversity grounds.[16] *See* 28 U.S.C. § 1445(c); *see also Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991). The case was remanded on September 7, 2021.[17]

While the first Motion to Remand was pending in federal court, Plaintiff filed a Second Amended Complaint in state court.[18] Once the case was remanded, the Second Amended Complaint became the operative complaint. *See* 28 U.S.C. §1446(d) (upon removal, the "State court shall proceed no further unless and until the case is remanded"). In the Second Amended Complaint, Plaintiff states that "[t]he AFA is required to represent its membership," but the AFA "did nothing to assist Plaintiff."[19] Specifically, Plaintiff asserts that AFA failed to:

- Provide Plaintiff with all the information needed to address her situation regarding her pay;
- Coordinate with United's Human Resources;
- Insist that United rescind the personnel record falsification;
- Enforce the AFA contractual provisions for grievance hearings;
- Address the litany of lies leading up to Plaintiff's termination from employment and within the termination letter that lead to her wrongful termination; and
- Request medical verification as required under the union contract.[20]

On September 27, 2021, AFA received service of the Second Amended Complaint.[21] On

---

[16] *See id.*
[17] *See id.*
[18] Dkt. No. 1-1 at 39.
[19] *Id.* at 44, 47.
[20] *See id.* at 44–47.
[21] *See* Dkt. No. 13-1 at 43.

October 4, 2021, AFA filed its notice of removal.[22] On October 20, 2021, Plaintiff filed the instant Motion to Remand.[23]

## II.     LEGAL STANDARD

A defendant may only remove a case over which the district court has original jurisdiction, either because of diversity of citizenship or the existence of a federal question. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010). Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. §§ 1331. Under the "well-pleaded complaint" rule, a case arises under federal law if the plaintiff's complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citation omitted). A plaintiff "may confine its arguments to those arising under state law even if federal claims are available." *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017). "There is an exception to the well-pleaded complaint rule, though, if Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)). On a motion to remand, the removing party bears the burden of establishing that jurisdiction exists. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

---

[22] Dkt. No. 1.
[23] Dkt. No. 8.

### III. ANALYSIS

Plaintiff argues that the case should be remanded because (1) AFA removed the case without the written consent of the two other Defendants; (2) removal is "impossible" due to the previous remand stipulated to by Plaintiff and United; and (3) Plaintiff's claims against AFA are not governed by federal law.[24] Conversely, AFA contends Plaintiff's arguments are without merit because (1) the written consent of the remaining Defendants was not required; (2) the stipulation between Plaintiff and United was prior to AFA's involvement in the case and has no effect on AFA's removal; and (3) Plaintiff's challenges to AFA's representation during her termination appeal are governed by the federal duty of fair representation standards, and are not subject to state law.[25] The Court will address each argument in turn.

### a. Consent

First, Plaintiff argues that, pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."[26] However, AFA correctly notes that when a civil action includes both federal and state law claims, as it does in the instant case, "the entire action may be removed" and "[o]nly defendants against whom a [federal] claim . . . has been asserted are required to join in or consent to the removal." 28 U.S.C. § 1441(c)(2).

Here, Plaintiff asserts four causes of action: (1) Workers' Compensation Retaliation; (2) Disability Discrimination; (3) Assault and Battery, *Respondeat Superior*; and (4) Civil

---

[24] *See id.* at 11–13.
[25] Dkt. No. 13 at 12.
[26] Dkt. No. 8 at 14.

Conspiracy.[27] AFA argues that, while Plaintiff uses "state-law terms" to characterize her claims, the substance of her allegations against AFA are that it failed to properly represent her in her termination appeal.[28] Causes of action that allege a breach of the duty of fair representation are governed by federal law. *Vaca v. Sipes*, 386 U.S. 171, 177 (1967). As discussed in detail below, the Court agrees with AFA that Plaintiff's claims are properly construed as claims for breach of the federal duty of fair representation. Thus, because AFA is the only defendant against whom a federal claim has been asserted, United and Irving's consent was not required prior to removal.

Nevertheless, even if consent was required, AFA obtained consent from both Defendants prior to filing it's notice of removal.[29] Accordingly, the Court agrees with AFA that Plaintiff's arguments regarding consent are without merit and the removal was procedurally proper.

b. *Prior Stipulation*

Second, Plaintiff points to a previous order from Judge Bennett, which granted an agreed motion to remand brought by Plaintiff and United, to establish that no federal question exists.[30] In the order, Judge Bennett stated that "in the absence of any federal question, the Court cannot retain jurisdiction of this matter."[31] AFA argues that it was not involved in the case at that time as it was not served until after the case was remanded.[32] Consequently, as AFA explains, the prior removal and remand did not involve AFA's specific argument—that "Plaintiff's claims against AFA are governed by federal law"—and, therefore, has no effect on the instant Motion to Remand.[33] The

---

[27] Dkt. No. 1-1 at 47–52.
[28] Dkt. No. 13 at 16.
[29] Dkt. No. 1 at 2.
[30] Dkt. No. 8 at 11–12.
[31] Dkt. No. 13-1 at 3.
[32] Dkt. No. 13 at 14.
[33] *Id.* at 14–15.

Court agrees with AFA.

    c. *Federal Duty of Fair Representation*

Lastly, Plaintiff argues that her claims are exclusively governed by state law and provides nearly the entire text of *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590 (5th Cir. 1993) to support her argument.[34] AFA contends that Plaintiff's allegations against AFA "are properly construed as claims for breach of the federal duty of fair representation."[35] In response to Plaintiff, AFA asserts that *Anderson* is inapplicable to the instant case because it did not involve the duty of fair representation.[36]

The Railway Labor Act "governs employment relations in the airline industry, including those between employees and employee unions." *Simmons v. Local 565 Air Transport Div., Transp. Workers Union*, 2010 WL 2473840, *2 (N.D. Tex. June 16, 2010). "A union acting in its representative capacity owes a duty of fair representation to its constituents." *Darbey v. Air Transp. Dist. Lodge 142*, No. 3:21-CV-00202, 2021 WL 3732749, at *2 (N.D. Tex. July 6, 2021) (citing *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337–38 (1953). "Under this doctrine, a union's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Carter v. Transp. Workers Union of Am. Loc. 556*, 353 F. Supp. 3d 556, 578 (N.D. Tex. 2019) (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 76 (1991)). This is a "duty grounded in federal statutes," and a breach of that duty is governed by federal law. *Vaca*, 386 U.S. at 177.

---

[34] *See* Dkt. No. 8 at 17–28.
[35] Dkt. No. 13 at 15.
[36] *Id.* at 18.

AFA argues that, while Plaintiff characterizes her claims as assault and battery "per the theory of *Respondeat Superior*" and civil conspiracy, the substance of her allegations are that AFA failed to properly represent her in her termination appeal.[37] Thus, when "a union-represented employee sues her union on matters arising out of union representation," AFA contends that "the claim is properly removed to federal court under settled and controlling precedent."[38] AFA cites to *Vaca v. Sipes*, 386 U.S. 171 (1967) and *Pecha v. Padilla*, 192 F.3d 126, 1999 WL 683867 (5th Cir. 1999) for support.[39] *Vaca*, a case from the U.S. Supreme Court, discussed the statutory duty of fair representation and noted that causes of action that allege a breach of that duty are governed by federal law. *Vaca*, 386 U.S. at 177. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. Similarly, *Pecha*, a case from the Fifth Circuit, acknowledged that federal duty of fair representation claims preempt state-law claims, even when a plaintiff only uses "state-law terms" on the face of the complaint. *Pecha*, 1999 WL 683867 at *3.

Here, in looking at the substance of the complaint, Plaintiff is alleging that AFA acted arbitrarily or in bad faith when representing her in her termination appeal.[40] Plaintiff alleges that AFA failed to provide Plaintiff with important information, coordinate with United's Human resources, and address "the litany of lies" leading up to Plaintiff's termination from employment and within the termination letter that lead to her wrongful termination.[41] Further, Plaintiff states

---

[37] *Id.*
[38] *Id.* at 12.
[39] *Id.*; *see also* Dkt. No. 1 at 2.
[40] *See* Dkt. No. 1-1 at 44–47.
[41] *Id.*

AFA failed to enforce the AFA contractual provisions for grievance hearings, request medical verification as required under the union contract, or insist that United rescind the personnel record falsification.[42] Similarly, in her second Motion to Remand, Plaintiff states AFA "did nothing to assist her" and fails to "[e]nforce the AFA contractual provisions."[43] The Court agrees with AFA that Plaintiff has alleged a duty of fair representation claim against AFA. *See Pecha*, 1999 WL 683867 at *3 (concluding a duty of fair representation claim existed by looking at the substance of a complaint, rather than looking at the face of a complaint that only used state-law terms); *Darbey*, 2021 WL 3732749, at *2 ("Although his claims are couched in state-law terms, [plaintiff] clearly is complaining of [the union's] representation regarding his termination.").

As to Plaintiff's argument regarding *Anderson*, the Court agrees with AFA that *Anderson* is inapplicable to the instant case. *Anderson* concerned an American Airlines employees that sued American Airlines, alleging that the airline retaliated against the employee for filing a workers' compensation claim following an injury he sustained on the job. *Anderson*, 2 F.3d at 592. American Airlines found the employee was unable to return to his job duties due to his physical condition. *Id.* The employee appealed his case to American Airlines, but he was unsuccessful. *Id.* at 593.

As noted by AFA, the employee in *Anderson* did not involve his labor union in the lawsuit and did not advance arguments as to his union representation.[44] The Fifth Circuit remanded the *Anderson* case because it found that the plaintiff's retaliation claim could be resolved without interpreting the terms of the collective bargaining agreement, which meant that the Railway Labor Act did not preempt the plaintiff's claims. *Id.* at 597. Importantly, the duty of fair representation

---

[42] *Id.*
[43] Dkt. No. 8 at 10.
[44] Dkt. No. 13 at 18.

was not at issue in *Anderson* and the Fifth Circuit did not discuss it. Thus, the Court agrees with AFA that *Anderson* is inapplicable here. *See Pegues v. Int'l Ass'n of Machinists & Aerospace Workers*, No. 19-CV-705, 2019 WL 6713618, at *3 (W.D. Tex. Dec. 10, 2019), *report and recommendation adopted*, No. 19-CV-00705, 2020 WL 7974334 (W.D. Tex. Jan. 9, 2020) ("Claims regarding the [union's] representational duties are preempted by federal law.")

Accordingly, because Plaintiff's allegations regarding AFA can be construed as a claim for breach of the federal duty of fair representation, the Court recommends that this action was properly removed based on federal question jurisdiction.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on December 16, 2021.

Sam S. Sheldon
United States Magistrate Judge