United States District Court
Southern District of Texas
**ENTERED**
February 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERIANA OBEGINSKI, | § | CIVIL ACTION NO. 4:21-cv-03215 |
| Plaintiff, | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| UNITED AIRLINES, INC, *et al*, | § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Heriana Obeginski is a former employee of Defendant United Airlines Inc and was during that time a member of the CWA union, with collective bargaining representation by Defendant Association of Flight Attendants. She and Defendant Janine Irving were also then co-workers employed by United as flight attendants.

Obeginski alleges that she requested Irving perform her job duties during an international flight, after which Irving slammed her with a beverage cart and caused serious injuries. She contends that United and AFA subjected her to a hostile work environment in retaliation for reporting the injury, with United ultimately terminating her employment. Obeginski brought action in state court to assert claims against United, AFA, and Irving for worker's compensation retaliation, disability discrimination, assault and battery, and civil conspiracy. See Dkt 1-1 at 39–53 (second amended petition).

This action has been here before. See Dkt 8-2 (docket sheet, Civil Action No 4:21-cv-0248). United originally removed based on diversity jurisdiction prior to service on

AFA. See Dkt 1-1 at 60 (first notice of removal). Obeginski moved to remand, contending that her worker's compensation claim against United was pursuant to only Texas state law. United stipulated to this, and the case was remanded to state court by agreement on September 7, 2021. Dkt 8-3.

AFA was then served on September 27th. Dkt 13-1 at 42. It removed, and Obeginski again moved to remand. Dkts 1 & 8. The motion was referred to Magistrate Judge Sam S. Sheldon, who recommended that it be denied. Dkt 19. Obeginski timely objected. Dkt 20.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

*First,* Obeginksi contends that Judge Sheldon erred in concluding that the operative complaint upon which determination as to removal must be made is her second amended state court petition. Compare Dkt 19 at 3, with Dkt 20 at 1–4. But that ruling is correct. Determination as to whether removal is proper is based on evaluation of "the complaint at the time the petition for removal is filed." *Smith v Barrett Daffin Frappier Turner & Engel LLP*, 735 F App'x 848, 852 (5th Cir 2018, *per curiam*). Obeginski filed the second amended complaint on August 2, 2021, and AFA removed on October 4, 2021. See Dkts 1 (notice of removal) & Dkt 1-1 at 39–53 (second amended complaint). The second amended petition thus controls. To the extent this objection also appears to assert that the second amended complaint didn't vary from previously pleaded facts, it is best construed as simply the same objection

raised as to the effect of United's stipulation, addressed and rejected next.

*Second,* Obeginksi contends that Judge Sheldon erred in concluding that the prior stipulation by United doesn't affect AFA's removal rights, and that federal law preempts the state law claims against AFA. Compare Dkt 19 at 5–10, with Dkt 20 at 4–7. But those rulings are also correct.

As to the procedural component, service on AFA wasn't perfected until September 27, 2021, meaning that it wasn't a party to this action when United stipulated that federal question jurisdiction didn't then exist. *Each* defendant has thirty days after *it* is served to remove. See *Getty Oil Corporation a Division of Texaco Inc v Insurance Company of North America*, 841 F2d 1254, 1262 (5th Cir 1988) (emphasis added), citing 28 USC § 1446(b). Nothing about United's stipulation affected AFA's right to remove after its own service.

As to the substantive component, state law claims are federal in nature if they fall into an area preempted by Congress. See *Arana v Ochsner Health Plan*, 338 F3d 433, 437 (5th Cir 2003), *quoting Metropolitan Life Insurance Co v Taylor,* 481 US 58, 63–64 (1987). Judge Sheldon correctly found that Obeginski's complaint in substance alleges that AFA breached the federally imposed duty of fair representation. Dkt 19 at 8. And when a plaintiff alleges breach of the duty of fair representation, federal law preempts those claims—even if purportedly pleaded under state law. Id at 8–9, citing *Pecha v Padilla*, 1999 WL 683867, *3 (5th Cir), and *Darbey v Air Transport District Lodge 142*, 2021 WL3732749, *2 (ND Tex). Federal question jurisdiction thus exists.

Related to this, Obeginski contends that Judge Sheldon erred in concluding that *Anderson v American Airlines Inc*, 2 F3d 590 (5th Cir 1993), isn't applicable. Compare Dkt 19 at 9–10, with Dkt 20 at 5–6. But unlike the claims Obeginski asserts here against AFA, *Anderson* involved neither claims against a union nor allegations of breach of the duty of fair representation. AFA adequately explains

3

this in response to Obeginski's objections. Dkt 19 at 9–10; see also Dkt 13 at 17–19.

The Court has reviewed *de novo* the objections by Obeginski. The objections lack merit and disposition is clearly controlled by authority cited in the Memorandum and Recommendation. The Court has otherwise considered and reviewed the Memorandum and Recommendation, the pleadings, and the objection. No clear error appears.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court.

The motion by Plaintiff Heriana Obeginski to remand is DENIED.

The motion by Defendant Association of Flight Attendants to strike Obeginski's reply is DENIED. Dkt 23.

SO ORDERED.

Signed on February 9, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge

4